J-S06043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALEED EDENS | : | |
| | : | |
| Appellant | : | No. 1020 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012926-2012

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: March 18, 2021

Waleed Edens (Edens) appeals from an order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his petition filed pursuant to the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. §§ 9542-9546. On appeal, Edens contends that the trial court erred in dismissing his PCRA petition without a hearing, contending that his trial counsel, for a number of reasons, was ineffective. He also contends that the PCRA court in its 1925(a) opinion impermissibly changed the disposition of his petition from dismissal for being without merit to one that quashed his appeal because it was prematurely filed before appeals on the merits had concluded. While we

_____

[*] Retired Senior Judge assigned to the Superior Court.

decline not to address the merits of the appeal, we affirm the trial court's order dismissing the PCRA petition without a hearing.

**I.**

We take the following factual background and procedural history from our independent review of the record, this Court's October 12, 2017 memorandum decision and the PCRA court's December 10, 2019 opinion.

**A.**

In Philadelphia, on the night of July 25, 2012, Edens, after an argument, shot his father, Jerome Edens (Complainant) three times. Edens fled the scene and went into hiding until he was arrested six weeks later. On November 13, 2012, the Commonwealth filed an information charging Edens with Criminal Attempt (Murder), Aggravated Assault, Possession of a Firearm Prohibited, Firearms Not To Be Carried Without a License, Carrying a Firearm on a Public Street in Philadelphia, Possession of an Instrument of Crime, Simple Assault and Recklessly Endangering Another Person (REAP). Apparently, the case was held for court without Edens being arraigned. After a January 2, 2013 scheduling conference, the court scheduled trial for November 6, 2013.

Before the scheduled trial date, on October 7, 2013, Edens' trial counsel filed a Rule 600 motion[1] to dismiss that he later withdrew as premature. The

___

[1] Pa.R.Crim.P. 600(C) provides:

motion was not renewed. On November 6, 2013, the court granted a defense motion for a continuance, continuing trial until July 8, 2014, and in July 2014, granted another defense continuance motion and continued the trial until December 4, 2014, when a trial readiness conference was held and trial listed for December 8, 2014. Due to the trial court's docket, trial did not occur at that time, but instead commenced on July 8, 2015.

At trial, the Commonwealth presented the testimony of the Complainant, Philadelphia Police Officers Daniel Martinez and Joseph Moore,[2] and Philadelphia Police Detective Donald Liebsch. The Complainant testified

---

In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

[2] Officer Moore testified to securing Edens' identification information at the police department on his arrest.

- 3 -

about the night of the incident. He stated that he is Edens' father and on that night, he went to the home of Edens' friend, Troy Timms. He spoke to Mr. Timms about how much time Edens was spending with him instead of at home with his pregnant wife. Upon returning home, the Complainant ran into Ron Watkins and was speaking with him when Edens approached them, saying, "I ain't scared of you dad." The Complainant saw a cell phone in one of Edens' hands and then saw the gun in the other before Edens shot at him three times and ran. (*See* N.T. Trial, 7/08/15, at 45-47).

Police Officer Daniel Martinez was the first officer on the scene and the Complainant told him that Edens had shot him, gave him his son's address and the make and model of his vehicle. He did not observe a gun in the Complainant's possession or anywhere else at the scene, although he did recover shell casings.

Detective Liebsch testified in pertinent part that Edens fled the shooting, went into hiding, and remained a fugitive until his arrest roughly six weeks later. Prior to introducing recordings of prison phone calls to play for the jury and about which Detective Liebsch would testify, the prosecutor stated that the parties had stipulated to what the custodian of records for the Philadelphia Department of Corrections would have testified. Specifically, she advised the jury that:

> [T]here's a stipulation by and between counsel meaning both sides agree, that if the custodian of records from the Philadelphia Department of Corrections were to testify, he would testify that calls from inmates in Philadelphia prisons are recorded. That prior

to each call a message is played to the inmate alerting the inmate that the call is being recorded.

Each inmate has a PIN number they use in order to make outgoing calls and track those calls. The calls themselves are recorded as well as the date, the time, and the phone number to which the call is made.

The custodian of records has a duty to keep accurate copies of these recordings. The CD which is marked C-18 is an accurate copy of the defendant's calls made by the defendant while incarcerated in the Philadelphia prisons on his case prior to posting of bail.

(*Id.* at 112-13). Defense counsel did not object to the stipulation.

The prosecutor then examined Detective Donald Liebsch and played the tape of Edens' pretrial prison phone calls with various friends and family members. Detective Liebsch stated that he listened to Edens' calls because of the Complainant's concerns. In one call, Edens, said of the Complainant, "You don't fucking come to court." (*Id.* at 114). After listening to the phone calls, the detective advised the Complainant that Edens had made threatening remarks about him if he appeared at court.

Edens presented the testimony of Ron Watkins, the individual speaking with the Complainant prior to the shooting. He testified that he was talking with the Complainant about Edens outside the home the Complainant shared with his wife and Edens when he saw Edens walking up the street with a cell phone in his hand. As Watkins turned to watch Edens, the Complainant was behind him and Edens forcefully grabbed Watkins' shoulder and told him to move. Watkins did so because of the "severity" with which Edens directed

him, testifying that he felt "fear" and "danger." Watkins ran down the street, turning around to see the Complainant and Edens "tussling." Watkins testified that the Complainant had his hand under his shirt and appeared to be reaching for something, but he did not see either man with a gun. Upon reaching the corner, he heard three shots and turned to see the Complainant lying on the ground. When Officer Martinez arrived, Watkins was at the scene, but he testified Edens had left and that he did not tell the officer that he witnessed the shooting. (*See id.* at 11-15, 21, 27). Edens did not testify on his own behalf.

On July 9, 2015, a jury convicted Edens of Aggravated Assault and Possession of a Firearm Prohibited[3] and acquitted him on the charges of Attempted Murder and Carrying a Firearm without a License.[4] The same day, the trial court held a waiver trial at which counsel stipulated that Edens was prohibited from carrying a firearm due to a previous conviction and the court convicted him of Carrying a Firearm on a Public Street in Philadelphia.[5] On November 9, 2015, the court sentenced Edens to an aggregate term of not less than twelve nor more than twenty years' incarceration, followed by five years of probation.

_____

[3] 18 Pa.C.S. §§ 2702(a)(1) and 6105(a)(1), respectively.

[4] The Commonwealth *nolle prossed* the remaining charges.

[5] 18 Pa.C.S. § 6108.

- 6 -

**B.**

A panel of this Court affirmed the judgment of sentence on October 12, 2017. (*See Commonwealth v. Edens*, 179 A.3d 553 (Pa. Super. 2017)). Edens filed a petition for allowance of appeal in the Pennsylvania Supreme Court. While the petition was still pending, on February 20, 2018, Edens filed a *pro se* PCRA petition, and on February 28, 2018, the court appointed Attorney Krakower. The Pennsylvania Supreme Court denied Edens' petition for allowance of appeal on March 13, 2018. (*See Commonwealth v. Edens*, 182 A.3d. 446 (Pa. 2018)).

Attorney Krakower filed an amended and a supplemental PCRA petition on June 20, 2018, and July 23, 2018, respectively. The PCRA court issued notice of its intent to dismiss the petition on February 1, 2019. *See* Pa.R.Crim.P. 907(1).[6] The notice advised Edens that the PCRA petition lacked

---

[6] Pa. R. Crim. P. 907 provides:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The

merit because he failed to plead and prove trial counsel was ineffective for failing to convey a plea offer, failing to investigate and interview exculpatory witnesses, failing to request a colloquy before stipulating to the authenticity of prison phone calls or for failing to file a Rule 600 motion. (**See** Notice Pursuant to Pa.R.C.P. 907, 2/01/19, at 1-2). Edens did not respond to the notice and on March 7, 2019, the court formally dismissed the petition on the merits. Edens timely appealed *pro se* and filed a statement of errors raised on appeal pursuant to the PCRA court's order. **See** Pa.R.A.P. 1925(b).

On August 6, 2019, the PCRA court sent correspondence to this Court advising that Edens' appeal should be quashed because he prematurely filed his PCRA petition while his direct appeal was still pending in the Pennsylvania Supreme Court. In response to a rule to show cause, Attorney Krakower[7] indicated that he made all attempts to preserve the PCRA petition, including filing amended petitions after Edens' judgment of sentence became final. On December 24, 2019, the rule to show cause was discharged and the issue referred to the merits panel. The court filed a Rule 1925(a) opinion in which

---

judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

[7] On March 20, 2020, this case was remanded to the PCRA court for an abandonment hearing because Attorney Krakower failed to file an appellate brief on behalf of Edens. After the hearing, the PCRA court appointed Attorney Love, who filed an appellate brief on Edens' behalf.

it did not address the merits of Edens' PCRA issues but, instead, again suggested that we quash his appeal. **See** Pa.R.A.P. 1925(a).

## II.

Edens raises three issues on appeal, which we reorder for ease of disposition: (1) whether the PCRA court erred in bringing up the jurisdictional issue for the first time in this Court, thus depriving him of notice; (2) whether the PCRA court erred in denying his petition based on its allegations of ineffective assistance of trial counsel; and (3) whether the trial court failed to provide a timely formal arraignment.[8] Because we cannot dispose of the other issues if the PCRA petition was filed prematurely, depriving the court of jurisdiction, we will address that issue first.

## A.

Edens maintains that the PCRA court erred in its Rule 1925(a) opinion by stating, for the first time,[9] that its denial of his petition was proper because it lacked jurisdiction due to Edens' premature PCRA filing. (**See** Edens' Brief,

_____

[8] This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017).

[9] As stated previously, the PCRA court first raised this issue in its October 6, 2019 correspondence to this Court, not in its Rule 1925(a) opinion. However, this does not affect Edens' argument, that by failing to raise this ground for dismissal of his PCRA petition while in the PCRA court, he was deprived the opportunity to address and remedy the procedural problem.

- 9 -

at 17-19). He argues that by raising this issue for the first time at this point in the proceedings, the court denied him the opportunity to cure the defect prior to the PCRA petition's dismissal. (**See id.** at 19).

In considering jurisdiction in this case, we note preliminarily that:

> A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final. … Accordingly, until [an] [a]ppellant's judgment of sentence becomes final in accordance with the procedural mechanisms recognized in 42 Pa.C.S.A. § 9545(b)(3),[10] we lack jurisdiction to consider the merits of [his] remaining [PCRA] claims.

**Id.** (citations omitted).

This Court has instructed that, "[i]f a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." **Commonwealth v. Smith**, ___ A.3d ___, 2020 WL 7501859, at *3 (Pa. Super filed Dec. 21, 2020) (citation omitted). "The fact that the PCRA court declined to do so is of no consequence [because] [i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." **Id.** at *4 (internal quotation marks and citation omitted).

In this case, Edens filed his PCRA petition while his direct appeal was pending in the Pennsylvania Supreme Court. The PCRA court should have

---

[10] Section 9545(b)(3) of the PCRA provides that a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

- 10 -

dismissed it as a legal nullity without prejudice to him re-filing it when his judgment of sentence became final. Had it done so, Edens would have been within the one-year window for filing a timely petition. **See** 42 Pa.C.S. § 9545(b)(1) (a PCRA petition "shall be filed within one year of the date the judgment becomes final."). Instead, the trial court appointed counsel who filed an amended PCRA petition and a supplemental PCRA petition, which were filed **after** Edens' judgment of sentence was final. The PCRA court allowed the matter to proceed, issued a Pa.R.Crim.P. 907(1) notice, then dismissed the PCRA petition as meritless.

After that order was final, the court then issued its 1925(a) opinion that did not address the rationale behind its dismissal of Eden's PCRA petition. After Edens' one-year window for filing a new petition expired, and without addressing whether the amended and supplemental PCRA petitions filed after the appeal on the merits had concluded made the matter not premature, the court quashed his PCRA petition as premature.

Under these circumstances, we decline to quash this appeal on the basis that the PCRA petition was premature because it would be unjust to consider Edens' petition a legal nullity where the court's misstep has resulted in his inability to file a timely petition. **See Commonwealth v. Mojica**, 242 A.3d 949, 954 (Pa. Super. 2020) (declining to treat premature PCRA petition as legal nullity where doing so would be unjust due in part to the PCRA court's "misapprehension" about appellant's prematurely filed petition); **see also**

*Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008) ("Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court.") (citations omitted).

Now to the merits.

**B.**

Edens maintains that counsel was ineffective (1) for failing to renew a Rule 600 motion, (2) failing to interview exculpatory witnesses, (3) stipulating to prison phone calls without a colloquy, and (4) failing to communicate a plea deal.

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citations

and internal quotation marks).  Finally, counsel will not be found ineffective for failing to raise a meritless claim.  **_See id._**

**1.**

As to the Rule 600 issue, Edens maintains that the failure to renew the prematurely filed Rule 600 motion was prejudicial to him because it could have resulted in dismissal of the charges against him.  (**_See id._** at 20-21).

Pursuant to Rule 600, generally, a trial must commence against a defendant within 365 days of the complaint's filing.  **_See_** Pa.R.Crim.P. 600(A)(2)(a).  When computing this time, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence.  Any other periods of delay shall be excluded from the computation."  Pa.R.Crim.P. 600(C)(1).  Time attributable to the normal progression of the case in the pre-trial period may be excluded at the trial court's discretion.  **_See Commonwealth v. Mills_**, 162 A.3d 323, 325 (Pa. 2017).

In his amended PCRA petition, Edens baldly asserted that trial counsel "took the case to trial on July 8, 2015; approximately a year and a half beyond the 365 day limit provided in the rule," as the sole basis for his Rule 600 issue. (**_See_** Amended Petition, at Paragraph B(3)).  He offered no specific dates or pertinent argument.  Based on this sparse argument provided to the PCRA court, we cannot conclude that it abused its discretion in finding that Edens

failed to plead and prove that counsel lacked a reasonable basis for not renewing the Rule 600 motion or that Edens was prejudiced by this inaction. (**See** Rule 907 Notice, at 2).

In his appellate brief, Edens expands on this issue by adding, for the first time, that although some of the time was excludable (specifically, November 6, 2013, to July 8, 2014, and July 15, 2018, to December 4, 2015), the case did not go to trial until over two-and-a-half years from the filing of the complaint. (**See** Edens' Brief, at 21). He does not provide any argument regarding the Commonwealth's due diligence, merely offering that this fact issue required a hearing. (**See id.** at 20-21).

However, even based on these additional meager facts, we cannot find that the PCRA court's denial of his petition without a hearing was an abuse of discretion. **See Commonwealth v. Maddrey**, 205 A.3d 323, 329 (Pa. Super. 2019), *appeal denied*, 205 A.3d 323 (Pa. 2019) (declining to find PCRA court abuse of discretion where appellant fails to provide sufficient fact and argument). In fact, our review of the record does not reveal any continuance requests by the Commonwealth, and most continuances appear to be due to the normal pre-trial progression of the case. Because there is no evidence that the Commonwealth failed to act with due diligence in bringing Edens to trial or that it caused any periods of delay, the PCRA court properly found that Edens failed to meet his burden to plead and prove that trial counsel was

ineffective for failing to renew his Rule 600 motion where it would have lacked underlying merit. **See Fears**, **supra** at 804.

**2.**

Next, Edens argues that the PCRA court abused its discretion in denying his petition without a hearing where trial counsel was ineffective for failing to interview exculpatory witnesses, specifically, Deborah and Troy Timms.

"[T]he decision whether to grant an evidentiary hearing is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Reid**, 99 A.3d 470, 485 (Pa. 2014) (citation omitted). To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel for failure to interview potential witnesses, the PCRA court requires "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S. § 9545(d)(1). "Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." **Id.**

In his amended PCRA petition, Edens provided the substance of Deborah Timm's potential testimony that she saw the Complainant with a gun threatening that he would kill Edens days before the incident, her incomplete phone number, "267-326—980" and a blank line for date of birth. (**See** Amended PCRA Petition, 6/20/18, at Paragraph B(1)). He represented that Troy Timms would testify similarly but provided no phone number and no date

of birth for him. (***See id.***). He did not include a signed certification as to each potential witness and the information provided in the body of his amended PCRA petition was incomplete. Therefore, his claim fails on this basis alone. ***See Commonwealth v. Priovolos***, 715 A.2d 420, 422, n.3 (Pa. 1998) (where a petitioner requests a hearing, the petition must include a signed certification with all required information as to each intended witness).

Moreover, even if he had provided proper certifications as to Deborah and Troy Timms, he failed to establish that he was prejudiced by counsel's choice not to investigate them.

> The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638-39 (Pa. 2014), *appeal denied*, 109 A.3d 679 (Pa. 2015) (citations and quotation marks omitted).

Edens maintains that both Deborah and Troy Timms would have testified that the Complainant told them before the shooting[11] that he was looking for

---

[11] In his amended PCRA petition, Edens represented that the Timms would have testified that the Complainant made this threat days before the shooting. In his brief to this Court, he maintains that the Complainant showed the guns to Deborah Timms and made the threat an hour before the shooting.

Edens and was going to shoot him for disgracing his family and that the Complainant displayed a gun to Ms. Timms. (Amended PCRA Petition, at Paragraph B(1)). He argues that this evidence would have disputed the Commonwealth's claim that Edens possessed the gun prior to the incident, leading to a different outcome.

However, based on the other evidence of record, Edens failed to establish that there is a reasonable probability that the outcome of the proceeding would have been any different had these witnesses testified. Specifically, the Complainant, Edens' father, testified that immediately after he went to Edens' friend's home to talk with him about Edens not spending enough time with his pregnant wife, Edens angrily approached him as he was returning home and shot him three times. Officer Martinez stated that when he arrived at the scene, the Complainant was not in possession of a gun, there was no firearm at the location and that the Complainant identified Edens as the shooter. Furthermore, the Commonwealth introduced evidence that Edens fled the shooting, went into hiding and remained a fugitive until his arrest approximately six weeks later. Finally, the jury heard a series of prison phone calls made by Edens in which he made threatening remarks about the Complainant should he come to court, phone calls Detective Liebsch testified he reviewed because of the Complainant's concerns about which he felt compelled to warn the Complainant.

Based on the foregoing, we conclude the PCRA court properly found that Edens has failed to plead and prove he was prejudiced by counsel's failure to investigate these proposed witnesses. Although they would have testified that the Complainant was upset with Edens and had a gun at some point before the shooting, which might have bolstered Watkins' testimony, in the totality of the circumstances, we conclude that the PCRA court did not abuse its discretion when it found Edens failed to establish that this testimony would have impacted the outcome of the trial. **See Fears**, **supra** at 804. This argument fails.

**3.**

Edens then maintains that the trial court abused its discretion in denying his petition without a hearing because counsel was ineffective for failing to request a colloquy before stipulating that the Custodian of Records of the Philadelphia Department of Corrections would testify to the authenticity of phone calls he made while in pre-trial custody. (**See** Edens' Brief, at 26-28). He argues that the stipulation effectively prevented any challenge to the records and "virtually assured [his] conviction." (**Id.** at 27). In sum, he states that trial counsel was "obligated" to ask for a colloquy to ensure Edens understood the agreement and its effect. (**See id.** at 28).

First, we note that Edens does not allege he would have objected to the stipulation had he received a colloquy. Moreover, he did not point to any specific aspect of the records that were untrustworthy or explain how cross-

examination of the Custodian of Records would have cast any doubt on the credibility of that information. Hence, he has failed to prove that he was prejudiced by counsel's failure to request a colloquy prior to stipulating to what the Custodian of Records would have testified regarding the authenticity of the prison phone calls. *See Commonwealth v. Smith*, 17 A.3d 873, 910-11 (Pa. 2011), *cert. denied*, 567 U.S. 937 (2012) (no prejudice from stipulation where petitioner did not demonstrate that the outcome of the case would have been different if trial counsel had an opportunity to cross-examine the witness).[12]

Accordingly, the PCRA court properly found that this argument lacks merit. *See Fears*, *supra* at 804.

**4.**

Finally, Edens complains that trial counsel was ineffective for failing to communicate a plea offer of eight to sixteen years' incarceration in exchange for his guilty plea. (*See* Edens' Brief, at 28-30).

---

[12] Moreover, we are not persuaded by the cases Edens relies on in support of this claim. (*See* Edens' Brief, at 27-28). In *Commonwealth v. Williams*, 443 A.2d 338 (Pa. Super. 1982), and *Commonwealth v. Davis*, 322 A.2d 103 (Pa. 1974), the defendants were awarded new trials where the trial attorneys stipulated to the testimony of the complaining witness, thereby preventing cross-examination of a significant fact witness in each case. Here, trial counsel merely stipulated to the Custodian of Records' *pro forma* authentication of prison phone calls making *Williams* and *Davis* inapposite to the case herein.

To prove ineffective assistance of counsel in the context of a plea deal, "a defendant must show the outcome of the plea process would have been different with competent advice." **Lafler v. Cooper**, 566 U.S. 156, 163 (2012). Where the alleged ineffectiveness led to an offer's rejection:

> [D]efendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than the judgment and sentence that were in fact imposed.

*Id.* at 164.

Here, in support of the claim, Edens attached an affidavit signed by Jerome Edens, the Complainant, to his *pro se* PCRA petition. In the affidavit, the Complainant represented that he met with a detective and assistant district attorney in 2014 and that he was told "[defendant] would be offered a term of eight (8) years to sixteen (16) years at this interview by the assistant district attorney." (**See** *Pro Se* PCRA Petition, at Exhibit J). However, the affidavit does not state that trial counsel was at the meeting or aware of this alleged deal, ostensibly since it was a meeting with the Complainant, not Edens.

In his supplemental PCRA petition, Edens asserted for the first time that "[he] informed undersigned [PCRA] counsel that … [his] trial attorney, Shawn Page, Esquire, was present at the time of the 'offer' statement." (Supplemental PCRA Petition, at 1). However, Edens did not provide any

evidence of trial counsel's attendance at this purported meeting, instead only making the bald allegation or establish that even if the Complainant were told at the purported meeting that Edens would be offered an eight-to-sixteen-year plea deal, that any such offer was ever made. Hence, we conclude that Edens failed to establish that his underlying claim had merit. **See Commonwealth v. Hentosh**, 554 A.2d 20, 24-25 (Pa. 1989) (claims of ineffectiveness are not self-sustaining, but must be established by submission of relevant proofs, and failure to submit such relevant proofs supporting claim of ineffectiveness warrants summary rejection of the claim); **Commonwealth v. Jones**, 811 A.2d 994, 1003 (Pa. 2002) (ineffective assistance of counsel claims are not self-proving and undeveloped claims are insufficient to prove an entitlement to relief).[13]

Accordingly, Edens has failed to prove that counsel was ineffective for failing to advise him of a plea offer where he provides no evidence that an offer was made or that counsel was aware of it. For all these reasons, we

---

[13] The PCRA court denied this claim because Edens failed to establish he was prejudiced by counsel's inaction because "he rejected a prior plea offer of eight-and-one half to seventeen years of incarceration." (Rule 907 Notice, at 1). While the record is clear that Edens rejected a plea offer on January 28, 2013, we found no evidence of the offer's terms. Hence, we decline to rely on this reasoning. However, we may affirm a PCRA court's decision on any basis appearing of record. **See Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa. Super. 2010), *appeal denied*, 26 A.3d 1100 (Pa. 2011).

conclude that the PCRA court did not abuse its discretion in denying Edens' PCRA petition.

**C.**

Finally, Edens complains that his conviction should be vacated because he was not arraigned, and that trial counsel was ineffective for failing to request a stand your ground[14] jury instruction. (***See*** Edens' Brief, at 30-31). These issues are waived.

**1.**

As to the stand your ground issue, Edens admits that it was not raised in either his amended or supplemental PCRA petitions and our review of the record confirms he did not raise it in his *pro se* petition. Instead, it was raised for the first time in his Rule 1925(b) statement. Further, he provides no pertinent law, discussion thereof or identify any evidence in support of this claim, offering only that counsel should have pursued the defense "to obviate [Edens'] need to retreat." (Edens' Brief, at 31). For all these reasons, this issue is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court

---

[14] "Stand your ground" is related to the duty to retreat in the context of self-defense and is codified in Section 505 of the Crimes Code. It provides, in pertinent part, that "[a]n actor who is not engaged in a criminal activity, who is not in illegal possession of a firearm and who is attacked … has no duty to retreat and has the right to stand his ground and use force, including deadly force[]" where the actor has the right to be in the place in which he was attacked and the person against whom the force is used uses a firearm. 18 Pa.C.S. § 505(b)(2.3).

are waived and cannot be raised for the first time on appeal."). ***Commonwealth v. Bedell***, 954 A.2d 1209, 1216 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (Issue not raised in PCRA petition is waived); Pa.R.A.P. 2119(a)-(b). Nor will we scour the record to find support for a claim or to make an argument on Edens' behalf. ***See Commonwealth v. Cannavo***, 199 A.3d 1282, 1289 (Pa. Super. 2018), *appeal denied*, 217 A.3d 180 (Pa. 2019) ("We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived.") (citation omitted).

## 2.

As to his arraignment[15] issue, Edens concedes that it is not raised in either his amended or supplemental PCRA petitions. (***See*** Edens' Brief, at 30). Although he did raise it in his *pro se* petition, which the amended petition purported to incorporate, the amended petition also qualified that the argument "ha[s] a fatal flaw or defect which prevents us from arguing that th[e] issue[] justif[ies] giving petitioner a new trial." (Amended PCRA Petition, at (C); (*Pro Se* PCRA Petition, at 7). We agree because the arraignment issue is waived under the PCRA where Edens could have raised it in his direct appeal,

---

[15] An arraignment's main purpose is to advise the defendant of the charges against him or her, have counsel enter an appearance and to start the time for filing pre-trial motions and initiate discovery. ***See*** Pa.R.Crim.P. 571, *Comment*. Here, the record reflects that Edens was on notice of the charges against him, counsel entered his appearance, multiple pre-trial motions were filed and discovery was initiated.

particularly where he argues that trial counsel raised it before trial, but that the court "erroneously rejected" it. (Edens' Brief, at 31); *see* 42 Pa.C.S. § 9544(b) (Issues that could have been raised on direct appeal are waived under the PCRA); *Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001) (finding claims waived where they could have been raised on direct appeal).

Moreover, just as in his stand your ground claim, Edens provides no pertinent citation to authorities or discussion thereof, and he fails to identify where in the record this issue was raised, thus waiving this claim on this basis as well. *See* Pa.R.A.P 2119(a)-(d); *Cannavo*, *supra* at 1289.

Therefore, for all these reasons, Edens' bald claims that his conviction should be vacated on the bases of the arraignment and stand your ground arguments are waived for our review and Edens is due no relief.

For the foregoing reasons, we affirm the order of the court denying Edens' PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/21

- 24 -